UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**COMPLETE CARE CENTERS, LLC**,
a Florida limited liability company,
on its own behalf and as assignee of
Acacia Jennings,

    Plaintiff,

v.                                            Case No. 8:23-cv-2385-WFJ-TGW

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY**;
**ACACIA JENNINGS**, individually; and
**RICHARD GREGORY**, individually,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Complete Care Centers, LLC's ("Complete Care") Motion to Remand (Dkt. 16). Defendant State Farm Mutual Insurance Company ("State Farm") has responded in opposition (Dkt. 21), and Complete Care has replied (Dkt. 27). Upon consideration, the Court grants Complete Care's Motion without an award of attorneys' fees and remands this action to the Circuit/County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

### BACKGROUND

On July 10, 2020, State Farm sued Complete Care in federal court for allegedly orchestrating a fraudulent scheme to obtain insurance payments through

unlawful self-referrals (the "Federal Action").[1] After extensive litigation, and following jury selection, the parties informed the district court that they had reached a written settlement agreement (the "Agreement"). F.A. Dkt. 485. The Agreement (an email) provided for: (1) a "waiver of Complete Care's [accounts receivable] including the withdrawal of all demands and CRNs and the dismissal of all pending PIP suits[2] with each party to bear their own costs/fees" (the "Waiver Provision"); (2) a "cash payment of $3.25 million;" (3) a "30-day no-bill period;" and (4) an agreement to accept the fee schedule. F.A. Dkt. 490-1 at 4; Dkt. 21 at 3. The district court consequently dismissed the Federal Action with prejudice, retaining jurisdiction only over whether "the underlying substantive claims in [the] litigation [had] been resolved by a binding settlement[.]" F.A. Dkt. 504 at 2.

---

[1] *See State Farm Mutual Automobile Insurance Company v. Complete Care Centers, LLC,* Case No. 6:20-cv-01240-WWB-EJK, Dkt. 1 (M.D. Fla.). Citations to this Federal Action, 6:20-cv-1240-WWB-EJK, will be denoted as "F.A. Dkt. [document number]."

[2] As Complete Care explained in the Federal Action:

> "CRN" refers to a Civil Remedy Notice of Insurer Violation that must be filed with the Florida Department of Financial Services as a condition precedent to bringing a bad faith claim against an insurance company for failure to pay insurance benefits. *See* Fla. Stat. § 624.155. Complete Care filed CRNs against State Farm for State Farm's failure to remit first-party insurance benefits to Complete Care.
>
> A "PIP suit" is brought pursuant to section 627.736 against an automobile insurance company when an insured (or the insured's assignee, pursuant to an assignment of insurance benefits) sues an insurer for failing to pay first-party insurance benefits. *See* Fla. Stat. § 627.736.

F.A. Dkt. 490 at 7 n.5 & n.6.

Approximately one month after settlement, however, Complete Care and the other Federal Action defendants moved to enforce the Agreement based on a disputed interpretation of the Waiver Provision. F.A. Dkt. 490. Complete Care maintained that said provision was limited "to first-party claims brought and owed by State Farm" and that neither "party intended to extinguish the debts of third-parties" when the Agreement was initially reached. *Id.* at 11. State Farm agreed that Complete Care would not be precluded "from seeking to collect from a non-State Farm, third-party insurance company," but argued that "the Waiver Provision require[d] a waiver of Complete Care's [accounts receivable] as it relates to State Farm and its insureds, meaning all bills generated by Complete Care for services rendered to [State Farm's] insureds." F.A. Dkt. 494 at 3.

On June 22, 2023, the district court denied Complete Care's motion to enforce the Agreement. F.A. Dkt. 504. The court explained that:

> At the January 18, 2023 hearing, [State Farm] disputed that any agreement had been formed between the parties and, therefore, argued that this case needed to proceed to trial on the merits. However, in their Response and Supplemental Response, [State Farm] now concedes that the substantive claims underlying this litigation have been resolved by a binding settlement agreement. Despite this concession, [Complete Care] filed its Reply, focusing solely on the proper interpretation of the language of the settlement agreement and pressing this Court to interpret the agreement in their favor or, alternatively, find it unenforceable. Because there is no dispute that the underlying substantive claims in this litigation have been resolved by a binding settlement—the sole issue that the Court retained jurisdiction to determine—[Complete Care] is essentially seeking to reset this case to litigate a declaratory judgment action. [Complete Care], however, does

3

> not argue that there is any present need for the declaration or that there is any reasonable doubt as to their rights or privileges. Thus, [Complete Care] has not offered a compelling reason to grant declaratory relief in this case and this Court is not inclined to do so.

*Id.* at 2–3 (internal citations omitted) (cleaned up). With this, the Federal Action ended short of resolving the parties' Waiver Provision dispute. *See* F.A. Dkt. 506.

On October 16, 2023, Complete Care filed the instant Amended Complaint in state court against State Farm, Acacia Jennings, and Richard Gregory. *See* Dkt. 1-6. Therein, Complete Care seeks: (1) declaratory judgment that the Wavier Provision is limited to amounts owed directly by State Farm and does not include "Patient Payment Obligations" allegedly owed by Ms. Jennings (a State Farm insured patient), or, in the alternative, severance of the Waiver Provision; (2) declaratory judgment of the same nature finding that the Waiver Provision does not include "Patient Payment Obligations" allegedly owed by Mr. Gregory (a patient insured by third-party insurer Government Employees Insurance Company ("Geico")), or, in the alternative, severance of the Waiver Provision; and (3) relief based on alleged breach of contract should State Farm's interpretation of the Wavier Provision be adopted. *Id.* at 20–34.

On October 20, 2023, State Farm removed the instant action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Dkt. 1. Complete Care filed its Motion to Remand less than three weeks later. Dkt. 16. Since then, the Court has received both a Response (Dkt. 21) and Reply (Dkt. 27).

## LEGAL STANDARD

United States District Courts have original jurisdiction over cases where complete diversity exists and the amount in controversy exceeds $75,000. § 1332(a). A state court defendant may remove any case in which a federal district court would have had original jurisdiction under § 1332(a). § 1441(b). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001).

For diversity purposes, a corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. § 1332(c)(1). An individual's citizenship is equivalent to his or her domicile, which is the place of his or her "true, fixed, and permanent home[.]" *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (citation omitted). "Where a defendant is fraudulently joined, its citizenship is not considered in determining whether complete diversity exists." *Illoominate Media, Inc. v. Cair Fla., Inc.*, No. 19-CIV-81179-RAR, 2019 WL 13168766, at *2 (S.D. Fla. Oct. 22, 2019), *aff'd,* 841 F. App'x 132 (11th Cir. 2020).

In ascertaining the amount in controversy, a court may consider the documents that the defendant received from the plaintiff, along with the removal attachments. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014). A court may draw reasonable deductions and inferences from these

documents, using "judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). Even so, courts must construe removal statutes strictly, "resolving doubts in favor of remand." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir. 2006) (abrogated on other grounds by *Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014)).

## DISCUSSION

Complete Care challenges State Farm's removal on the basis of both complete diversity and the amount in controversy. Because the Court finds complete diversity to be lacking, it is not necessary to address Complete Care's amount in controversy arguments.

"Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). Here, State Farm does not dispute that Ms. Jennings and Mr. Gregory, like Complete Care, are citizens of Florida. Dkt. 1 at 14–21. It follows that complete diversity is absent from the instant case unless State Farm can establish an exception that would render immaterial Ms. Jennings and Mr. Gregory's non-diverse citizenship.

State Farm attempts to rely on the exception known as "fraudulent joinder." Dkt. 1 at 15. Under this exception, "if the plaintiff joins a non-diverse defendant

[merely] to defeat complete diversity, then that non-diverse defendant" is deemed fraudulently joined and "is not considered for purposes of the court's jurisdiction." *Illoominate Media, Inc. v. CAIR Fla., Inc.*, 841 F. App'x 132, 134 (11th Cir. 2020). The removing party can establish fraudulent joinder in two ways: (1) by proving that "there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant[;]" or (2) by proving that "there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* (internal quotations and citations omitted). When considering fraudulent joinder, district courts "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (internal quotations and citations omitted). Further, "the plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id.* (cleaned up) (internal quotations and citations omitted).

State Farm has failed to meet its burden of demonstrating either form of fraudulent joinder as to Ms. Jennings because Complete Care's declaratory judgment claim is possibly valid and there is no suggestion of outright fraud. The Florida Supreme Court has explained that parties seeking declaratory relief must show that:

> [T]here is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or

7

>ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest[s] are all before the court by proper process or class representation[;] and that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.

*Coal. for Adequacy & Fairness in Sch. Funding, Inc. v. Chiles*, 680 So. 2d 400, 404 (Fla. 1996) (cleaned up) (citation omitted). Complete Care has adequately pled all of these elements here. Indeed, on the facts alleged, there is a present need for a declaration interpreting the Waiver Provision as to Ms. Jennings because it impacts Complete Care's rights concerning her alleged Patient Payment Obligations. Ms. Jennings, moreover, arguably has a present and adverse intertest in the subject matter because she might be impacted negatively by a ruling that adopts Complete Care's position. The Court consequently has little doubt whether "a state court would find that the [Amended Complaint] states a cause of action" against Ms. Jennings. *Stillwell*, 663 F.3d at 1333 (internal quotations and citations omitted). It clearly does.

State Farm's averments surrounding Ms. Jennings' alleged Patient Payment Obligations, or lack thereof, do not change the Court's analysis. State Farm essentially argues that there is no need for a declaration regarding whether Complete Care can collect from Ms. Jennings because Ms. Jennings does not owe any copayment or deductible for the services rendered to her. Dkt. 21 at 7–9. State Farm

supports this contention by pointing to various exhibits that purportedly demonstrate as much. *Id.* The problem with this argument is nevertheless twofold. First, Complete Care directly refutes State Farm's position by claiming that Ms. Jennings indeed owes $957.59 in such payments; and, "the court must evaluate the factual allegations in the light most favorable to the [Complete Care]." *Stillwell*, 663 F.3d at 1333 (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Second, as the Eleventh Circuit has made clear, the standard for evaluating fraudulent joinder "differs from the standard applicable to a 12(b)(6) motion to dismiss[:]"

> To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. This plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. In contrast, all that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action.

*Id.* (internal quotations and citations omitted). The Court will therefore decline State Farm's invitation to "weigh the merits of [Complete Care's] claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538. Complete Care's claim is arguable for the reasons provided above—State Farm's factual contentions to the contrary do not conclusively prove otherwise at this stage.

"When a defendant removes a case to federal court on diversity grounds, a court must remand . . . if any of the properly joined parties . . . are citizens of the state in which the suit was filed. Such remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity[.]" *Florence*

9

*v. Crescent Res., LLC*, 484 F.3d 1293 (11th Cir. 2007) (internal quotations and citations omitted). As explained above, Ms. Jennings is a properly joined party and a citizen of Florida. Complete diversity is therefore lacking from this action and the Court must remand back to state court regardless of the legitimacy of Mr. Gregory's joinder or the amount in controversy.

## CONCLUSION

The Court understands that Complete Care is most likely primarily focused on the Waiver Provision itself, not the monies allegedly owed by Ms. Jennings or Mr. Gregory. Notwithstanding, Complete Care has, at the very least, ostensibly asserted valid a claim against Ms. Jennings. The Court is consequently without jurisdiction to hear this case.[3]

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Complete Care's Motion to Remand (Dkt. 16) is **GRANTED**.

(2) The instant action is remanded to the Circuit/County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

---

[3] Complete Care requests attorneys' fees incurred as a result of State Farms' removal. Dkt. 16 at 23. Notwithstanding remand, the Court declines to award such fees. State Farm's fraudulent joinder arguments were an objectively reasonable basis to seek removal even if they ultimately failed. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (finding that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal"); *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1319 (S.D. Fla. 2004) (finding that "there is no indication that a trial court should ordinarily grant an award of attorneys' fees whenever an effort to remove fails" and that a defendant's attempted removal is an "objectively reasonable one where there is some basis in the law for [d]efendant's arguments and there is no binding Eleventh Circuit law to the contrary").

**DONE AND ORDERED** at Tampa, Florida, on December 8, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record